Weygandt, C. J.
A study of the record in this case discloses several reasons why a second trial is necessary.
The simplest and most obvious reason is the controlling fact that the jury failed to discharge its duty to return a verdict as required by law.
Before the trial judge delivered his charge to the jury, the five interrogatories were submitted with a request that the jury be instructed to answer them. The trial judge complied with this request. Instead of answering the interrogatories, the jury merely wrote the words, “Don’t know,” after each question.
Amended Section 2315.16, Revised Code, reads as follows:
“When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations contained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
That the unambiguous requirements of this statute are mandatory is beyond cavil — mandatory as to both the court and the jury. The trial judge recognized this fact as to himself by receiving the five interrogatories and instructing the jury to answer them. However, he subsequently accepted the jury’s general verdict and also the interrogatories which were left unanswered by the jury except by the words, “Don’t know,” written after each question, all of which related to the important issue of contributory negligence.
Both the trial judge and the Court of Appeals held that *55 the interrogatories were not answered by the jury in conformity with the mandatory requirements of the statute. One indication of the correctness of this view is the provision that “the verdict and finding must be entered on the journal and filed with the clerk.” And that the answering of the interrogatories is even more important than the general verdict is shown by the requirement of Section 2315.17, Revised Code, that “when a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly.”
The function of a jury is to decide the questions of fact. Until this has been accomplished the trial has not been completed and the case must be retried. The general rule has been summarized as follows in 39 Ohio Jurisprudence, 1172, Section 439:
“The answer or finding of the jury in response to the interrogatories submitted should, of course, be definite and certain, either in the affirmative or in the negative. It is not sufficient for the jury, in answer to interrogatories, to state that they do not know regarding the facts inquired about. It is their duty to make direct answers, whether the evidence is conflicting or not.”
The plaintiff cites but does not discuss the decision of this court in the case of Bloor v. Platt, 78 Ohio St., 46.
However, that case clearly is not controlling or even applicable here. This court did not hold that the answer, “Don’t know,” to the interrogatories there submitted was a compliance with the statutory requirement. The holding was simply that that expression by the jury was “not inconsistent with the general verdict” under the particular circumstances in that ease. In the opinion it was said: “The interrogatories are not as broad as the case. There are other issues in the case besides those involved in these questions, for example, mental capacity, undue influence, fraud, the existence of the will unrevoked at and after the death of the testatrix and its loss, any one of which, if established in favor of the plaintiff’s contention would set aside the probate of the will and justify the verdict. Hence, if we give to the answers by the jury the utmost possible effect, and assume that they found that the will was properly signed and *56 witnessed, there were still other grounds upon which the jury might have been, and doubtless was, satisfied that this paper was not the last will and testament of Charlotte Spice.”
Under the circumstances in the instant case, the trial judge obviously was correct in ordering a new trial, and the judgment must be affirmed.
The plaintiff complains that the defendant’s motion for a new trial was not seasonably filed. One difficulty with this contention is. that, with or without a motion for a new trial, a new trial was necessary since the first trial never was completed.

Judgment affirmed.

Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Taft and O’Neill, J.J., concur in the judgment.